**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SUKHPREET SINGH, AKA Sukh Thapa,

Petitioner,

v.

MERRICK B. GARLAND,
Attorney General,

Respondent.

No. 20-72158

Agency No. A209-937-641

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2021**
Seattle, Washington

Before: GOULD, CLIFTON, and MILLER, Circuit Judges.

Petitioner Sukhpreet Singh, a native of India, petitions for review

of the Board of Immigration Appeals' decision affirming the Immigration

Judge's denial of his application for asylum, withholding of removal, and

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT"). Singh's application is based on the fear that he will be persecuted or tortured at the hands of opposition party members because of his membership in the Shiromani Akali Dal Mann Party ("Mann Party") and his support for the separatist movement for Khalistan, an independent Sikh state.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review legal questions de novo and the agency's factual findings for substantial evidence. *Aden v. Wilkinson*, 989 F.3d 1073, 1079 (9th Cir. 2021). We deny the petition.

1. Substantial evidence supported the BIA's holding that Singh failed to show past persecution because the beatings Singh suffered, though regrettable, did not rise to the level of mistreatment characterized as "persecution." Singh's claims were based primarily on two beatings he received at the hands of opposition party members, each lasting only a few minutes. The cumulative harm that Singh experienced was not so severe as to compel a conclusion that a constituted persecution. *See, e.g., Hoxha v. Aschroft*, 319 F.3d 1179, 1181–82 (9th Cir. 2003) (holding that the harm suffered, two broken ribs and repeated death threats, did not compel a finding of past persecution); *Gu v. Gonzalez*, 454 F.3d 1014, 1020–21, 1029 (9th Cir. 2009) (holding that the harm suffered, three days of detention and a two-hour interrogation, did not compel a finding of past persecution).

2. Substantial evidence supported the BIA's holding that Singh did not carry his burden of establishing an objective risk of future harm, whether by demonstrating an individualized risk or a pattern-or-practice of persecution. Although the country conditions reports Singh submitted contained references to "isolated, but recurring" incidents of political violence, the IJ found the reports less persuasive than the more recent State Department Report that did not mention any systematic violence against Mann Party supporters, in part because there had been a fundamental change in circumstances in India since 2015, as a new party had taken control of the Punjab government. The IJ was entitled to weigh the evidence as it did. *See, e.g., Sowe v. Mukasey*, 538 F.3d 1281, 1286 (9th Cir. 2008); *Gonzalez-Hernandez v. Aschroft*, 336 F.3d 995, 1000 (9th. Cir 2003). Further, the record evidence did not compel a different result because there was little evidence that Singh's assailants remain interested in him, and Singh's family members have been able to remain in India without interrupting their political activities for the Mann Party.

3. Having failed to show past persecution or an objective risk of future harm, Singh's asylum, withholding, and CAT claims fail. *See Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017) (explaining that the standard of proof for withholding of removal is higher than that for asylum, requiring petitioner show

3

that "it is more likely than not that he would be subject to persecution") (quoting

*Robleto-Pastora v. Holder*, 591 F.3d 1051, 1057 (9th Cir. 2010); *Guo v. Sessions*,

897 F.3d 1208, 1217 (9th Cir. 2018) (explaining that the concept of torture is more

severe than persecution).

**PETITION FOR REVIEW DENIED.**